UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSE STERLING,

                Plaintiff,

-against-

THE CITY OF NEW YORK; THE LOCAL GOVERNMENT,

                Defendants.

1:24-CV-5936 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By Order dated March 13, 2025, the Court dismissed this *pro se* action in which Plaintiff proceeds *in forma pauperis* ("IFP"), but granted Plaintiff 30 days' leave to replead certain claims in an amended complaint. (ECF 6.) On April 16, 2025, Plaintiff filed an amended complaint in which she asserts claims of federal constitutional violations under 42 U.S.C. § 1983, seeking damages and injunctive relief. (ECF 7.) She sues the City of New York, which she also refers to as the "Local Government." On May 21, 2025, Plaintiff filed a "motion to deposit extra ex[h]ibits." (ECF 8.) The Court grants that motion and regards that submission as a supplement to Plaintiff's amended complaint. For the reasons discussed in this Order, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

In its March 13, 2025 Order, the Court recounted Plaintiff's litigation history in this court with respect to Plaintiff's previously filed *pro se* action that the undersigned dismissed, and that the United States Court of Appeals for the Second Circuit also dismissed on appeal, *Sterling v. Human Res. Admin. (Soc. Servs.)*, No. 1:21-CV-10192 (LTS), 2022 WL 3030613 (S.D.N.Y. Aug. 1, 2022), *appeal dismissed*, No. 22-1892 (2d Cir. Jan. 11, 2023) ("*Sterling I*"). (ECF 6, at 3-8.) The Court then dismissed the following claims without granting Plaintiff leave to replead.

The Court dismissed Plaintiff's claims in which she sought the criminal prosecution of the defendants and others, for lack of standing and, thus, lack of subject matter jurisdiction. (*Id.* 9-10.) The Court also dismissed claims Plaintiff asserted pursuant to 42 U.S.C. § 1983 against the State of New York under the doctrine of Eleventh Amendment immunity and, thus, for lack of subject matter jurisdiction. (*Id.* at 11-13.) The Court further dismissed Plaintiff's claims under the Violent Crime and Law Enforcement Act of 1994 for failure to state a claim upon which relief may be granted. (*Id.* at 13.) In addition, the Court dismissed claims that Plaintiff had previously litigated in *Sterling I* against the New York City Administration for Children's Services ("ACS"), the New York City Human Resources Administration ("HRA"), the City of New York, and the State of New York under the doctrine of issue preclusion (also known as collateral estoppel) for failure to state a claim upon which relief may be granted because the claims had been dismissed on the merits in *Sterling I*. (*Id.* at 13-16.) The Court also dismissed without prejudice the claims that Plaintiff was asserting on behalf of her deceased son's estate. (*Id.* at 10-11.)

The Court then dismissed Plaintiff's remaining claims under Section 1983 against ACS, HRA, and the City of New York for failure to state claims upon which relief may be granted, but granted Plaintiff leave to replead those claims in an amended complaint in which she named the City of New York (not any agency of the City of New York) as a defendant, and in which she alleged facts sufficient to state a claim under Section 1983 against the City of New York that had not been dismissed in *Sterling I* on the merits and had not been dismissed in the Court's March 13, 2025 order on the basis of issue preclusion (collateral estoppel). (*Id.* 16-18.) The Court also dismissed, as untimely, Plaintiff's remaining claims under Section 1983 "about 'the deprivation of [Plaintiff's] parental rights when ACS [allegedly] wrongfully accused her of child abuse and

3

removed her son from her care,' including 'claim[s] . . . that may implicate the substantive component of the Due Process Clause of the Fourteenth Amendment,'" for failure to state a claim upon which relief may be granted. (*Id.* at 18-21 (alterations in original, citation omitted).) In dismissing those claims, however, the Court granted Plaintiff leave to replead them in an amended complaint alleging facts showing that such claims are timely or why the applicable limitation period should be equitably tolled. (*Id.* at 21.)

In its March 13, 2025 Order, the Court explained that it also understood Plaintiff's original complaint as asserting claims of employment discrimination under 42 U.S.C. § 1983 and under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Court dismissed such claims for failure to state a claim upon which relief may be granted, but granted Plaintiff leave to replead those claims in an amended complaint in which she named an individual state actor or her employer or prospective employer as a defendant and alleged facts sufficient to state a claim of employment discrimination under Section 1983 or Title VII. (*Id.* at 21-24.)

In granting Plaintiff leave to replead only certain specified claims in an amended complaint, the Court advised Plaintiff "not to assert, in her amended complaint, any of the claims that she raised in *Sterling I* that were dismissed in that action on the merits and any claims dismissed in [the Court's March 13, 2025 Order] without leave to replead." (*Id.* at 25.)

## DISCUSSION

Plaintiff, in her amended complaint and supplement, seems to assert against the City of New York many of the same claims that she asserted in *Sterling I* and in her original complaint in this action, claims that the Court dismissed in its March 13, 2025 Order without granting Plaintiff leave to replead. Because the Court has already addressed those claims in its March 13, 2025 Order, and because the Court had warned Plaintiff not to assert those claims again in her amended complaint, the Court will not address them here. The Court will address only those

4

claims that it granted Plaintiff leave to replead in its March 13, 2025 Order, and that Plaintiff has repleaded in her amended complaint and supplement.

Inasmuch as Plaintiff asserts, in her amended complaint and supplement, claims under Section 1983 against the City of New York arising from its alleged efforts to deprive Plaintiff of her parental rights when its agency, ACS, accused Plaintiff of child abuse and removed Plaintiff's son from her care, Plaintiff alleges no facts as to why such claims are timely or why the applicable limitations period should be equitably tolled. The Court therefore dismisses such claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to claims under Section 1983 that Plaintiff raises in her amended complaint and supplement against the City of New York that were not dismissed in *Sterling I* on the merits nor dismissed without leave to replead in the Court's March 13, 2025 Order, including any arising out of the alleged actions of ACS and any claims of employment discrimination against the City of New York that are asserted under Section 1983, Plaintiff asserts facts insufficient to show that a policy, custom, or practice of the City of New York caused a violation of her federal constitutional rights. Thus, the Court also dismisses those claims for failure to state a claim upon which relief may be granted. *See id.*; *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In addition, because the Court has already addressed above and dismissed Plaintiff's claims of employment discrimination under Section 1983 against the City of New York, because Plaintiff does not name an individual state actor as a defendant, and also because Plaintiff is proceeding *pro se,* the Court liberally construes Plaintiff's claims of employment discrimination as also brought under Title VII. Yet, because Plaintiff does not allege facts sufficient to show

how her race, color, religion, sex, or national origin was a substantial or motivating factor with respect to the City of New York's—as an employer or as a prospective employer[1]—alleged adverse employment action against her, the Court further dismisses those claims for failure to state a claim upon which relief may be granted.[2] *See* § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the original complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court has previously granted Plaintiff an opportunity to cure the abovementioned deficiencies and she has not cured them in her amended complaint and supplement, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court grants Plaintiff's "motion to deposit extra ex[h]ibits" (ECF 8) and regards the additional material as a supplement to Plaintiff's amended complaint.

For the reasons discussed in the Court's March 13, 2025 Order and in this Order, the Court dismisses this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff has attached documentation to her motion that seems to indicate that she was a student, an employee, and/or a job applicant with Hostos Community College and Baruch College. (ECF 8, at 39-42, 46-50, 53-54, 56.)

[2] Plaintiff also seems to assert, in her amended complaint, that she has been retaliated against. While it is unclear whether the alleged retaliation was in the employment context or in another context mentioned in her amended complaint, Plaintiff alleges no facts sufficient to support any claim of retaliation under either Section 1983 or Title VII.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's March 13, 2025 Order and in this Order.

SO ORDERED.

Dated:  October 15, 2025
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge